[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
 Date of Sentence : June 12, 1992 Date of Application : June 12, 1992 Date Application Filed : June 12, 1992 CT Page 3651 Date of Decision : March 23, 1993
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven, Docket Number CR6-324418;
Donald D. Dakers, Esq., Defense Counsel, for Petitioner.
Robert O'Brien, Esq., Assistant State's Attorney for the State.
Sentence Affirmed.
By the Division:
The petitioner, who was twenty-three years old at the time of sentencing was convicted following a trial by jury of the crimes of Murder (Section 53a-54a) and Carrying a Pistol Without a Permit (Section 29-35).
He was sentenced to a term of fifty years on the Murder Count and to one year, concurrent, on the weapons count, for a total effective sentence of 50 years.
The offense, as summarized from the presentence report, occurred on March 29, 1990 at approximately 10:17 P.M. The petitioner, who was a cocaine dealer in New Haven, got into an argument with the victim, shot the victim in the throat from close range, and then as the victim fell, shot him four more times in the back and side. The victim was a 26 year old male, the father of twins.
The petitioner asks the Division to consider that the victim was probably armed himself although there was no credible testimony that the victim pulled out any such weapon or that the petitioner acted in self defense.
The petitioner in his remarks to this Division blames his predicament on the ineffectiveness of trial counsel.
The petitioner had 4 convictions prior to the instant offenses — possession of marijuana, possession of narcotics CT Page 3652 and 2 convictions for breach of peace.
As the sentencing Court pointed out, a gun in the hand of a drug dealer is frequently a deadly circumstance as the dealer too often does not hesitate to use deadly force in the enforcement of territorial rights. In this case it led to the callous murder of another individual. The pre-sentence report, citing the danger to the community the petitioner poses, suggests consideration of the maximum penalty.
Applying the provisions of Connecticut Practice Book Section 942, the Division concludes the sentence imposed was appropriate and we affirm it.
Purtill, Klaczak and Norko, J.s, participated in this decision.